# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51623-3-II |
| Respondent. | |
| v. | UNPUBLISHED OPINION |
| TRACEY BAILEY, | |
| Appellant. | |

GLASGOW, J. — Tracey Bailey was convicted of criminal impersonation after a jury trial. During a traffic stop she gave the trooper the name and birth date of her sister (Stracey Jones), a false social security number, and various street addresses. Also, while still pretending to be Jones, she told the trooper that Bailey had previously used her identity.

Bailey appeals, arguing that the criminal impersonation statute requires an act and that the jury did not have sufficient evidence to convict her because simply giving false information regarding her identity was not an act. She also challenges the imposition of the criminal filing fee, a warrant service fee, and the DNA collection fee.

We hold that there was sufficient evidence to support Bailey's conviction because she assumed the false identity and then provided additional information regarding that false identity in an attempt to mislead the trooper, acts which satisfied the elements of criminal impersonation. We remand to strike the criminal filing fee, warrant service fee, and DNA collection fee.

FACTS

Trooper Jason Roe pulled over Bailey because she was driving a vehicle with a broken middle brake light. Bailey told the trooper that her name was Stracey Jones. Jones is actually Bailey's younger sister. The trooper thought she said "Tracey," and Bailey corrected him and told him again her name was Stracey Jones. Verbatim Report of Proceedings (VRP) at 47. Bailey then proceeded to spell the name she gave him. Bailey also gave the trooper Jones's date of birth. The trooper noted that the photo for Jones in his database did not match Bailey. The trooper asked her again to confirm who she was. Bailey then gave the trooper a social security number, but it did not match Jones's social security number. The trooper asked for the address on her license, and Bailey gave multiple streets. None of the streets matched the trooper's records for Jones.

Bailey maintained that she was Jones for more than 30 minutes. While maintaining that she was Jones, Bailey told the trooper that her sister, Bailey, had used her identity in 2003 in Pierce County. Bailey also claimed her sister had been arrested for using her identity and that she took her sister to court as a result. The trooper pulled up Bailey's information and learned that Bailey's driving status was suspended. Additionally, the records showed that Bailey was also known as Jones.

The trooper talked to Bailey about warrants out for Jones, and Bailey still insisted that she was Jones. The trooper then arrested Bailey for the warrants out on Jones. After the arrest Bailey admitted that she was Tracey Bailey.

ANALYSIS

I. SUFFICIENCY OF THE EVIDENCE

The trial court instructed the jury that first degree criminal impersonation occurs when the defendant "assumes a false identity and does an act in her assumed character with intent to defraud another or for any other unlawful purpose." VRP at 132. This instruction was consistent with RCW 9A.60.040(1)(a). Bailey argues that the State failed to present sufficient evidence to convict her of first degree criminal impersonation. She contends that she only assumed a false identity and did not commit an act as required by the statute. She reasons that anything she said to the trooper was not a separate act because speech is not an act. We disagree.

There is sufficient evidence "to support a conviction if, viewing the evidence in the light most favorable to the State, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." *State v. Imokawa*, 4 Wn. App. 2d 545, 560, 422 P.3d 502 (2018), *review granted*, 192 Wn.2d 1016 (2019). A defendant's "claim of insufficiency admits the truth of the State's evidence." *Id.* We draw all reasonable inferences in favor of the State and interpret them most strongly against the defendant. *Id.* Circumstantial evidence and direct evidence carry equal weight. *State v. Goodman*, 150 Wn.2d 774, 781, 83 P.3d 410 (2004). We defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

Bailey argues that she only assumed a false identity. She reasons that the statute requires an action with the necessary intent in addition to her statements regarding her identity. Bailey relies on *State v. Williamson*, 84 Wn. App. 37, 924 P.2d 960 (1996), arguing in that case, the court rejected the State's argument that giving a false name was conduct instead of speech.

The State responds that Bailey committed multiple acts when she continued to give false information beyond just giving a false name. This included providing Jones's date of birth, giving an incorrect social security number, blaming her sister for warrants out for Jones, and providing multiple addresses. Additionally, the State argues Bailey did this so the trooper would not know she was driving on a suspended license.

In *Williamson*, a defendant was convicted for obstructing a public servant after telling an officer his name was Christopher Columbus and confirming that was his name. 84 Wn. App. at 40-41. He did not further pretend that he was in fact Mr. Columbus. *Id.* at 40. Williamson was convicted under a statute that prohibited obstructing a police officer, which prior decisions had interpreted to require conduct beyond giving a false name. *Id.* at 40-41.[1] Ultimately, we reasoned that when the defendant provided a false name, that was speech, not conduct. *Id.* at 45. Because there was no evidence that Williamson did any act, other than declaring his name as Christopher Columbus, we concluded the State could not prove the charged offense because the statute required conduct. *Id.*

*Williamson* is distinguishable because unlike Bailey, Williamson only gave a false name. *Id.* at 40-41. Here, Bailey gave a false name, but over the course of more than 30 minutes, she

---

[1] The Washington Supreme Court has since confirmed that the obstruction statute has a jurisprudential history of requiring conduct in addition to speech. *State v. Williams*, 171 Wn.2d 474, 485, 251 P.3d 877 (2011).

also gave a false birthdate, a false social security number, and multiple incorrect streets for her address, as well as confirming the false name multiple times and spelling it for the trooper. She also talked about past events involving Bailey and Jones, while acting as Jones. These were acts performed to assume Jones's identity. In contrast, Williamson never took on the identity of Christopher Columbus or pretended to be him.

Bailey argues that the legislature's use of the word "act" requires something more than statements made to mislead the officer. But there is no indication that the legislature intended an "act" as used in the criminal impersonation statute to exclude additional false statements. If Bailey performed at least one "act" in her assumed identity, including making further false statements to avoid discovery that she was driving with a suspended license, that is sufficient under the statute.

Bailey gave false information beyond just a name so the trooper would believe she was actually her sister and would not discover that she was driving on a suspended license. Given that we must take the evidence in the light most favorable to the State, we conclude there was sufficient evidence for the jury to decide Bailey acted under an assumed identity.

## II. LEGAL FINANCIAL OBLIGATIONS

Bailey challenges three legal financial obligations. She argues the criminal filing fee, the DNA collection fee, and the warrant service fee should be stricken. The State concedes that these fees should be stricken.

In 2018, the legislature amended RCW 36.18.020(h) to prohibit the imposition of the criminal filing fee if a defendant is indigent as defined in RCW 10.101.010(3)(a) through (c). LAWS OF 2018, ch. 269, § 17. Additionally, a warrant service fee is a discretionary fee that cannot be imposed if the defendant is indigent. RCW 9.94A.760(1); RCW 10.01.160. The legislature also amended RCW 43.43.7541 to authorize the imposition of a DNA collection fee only if the State has not "previously collected the offender's DNA as a result of a prior conviction." LAWS OF 2018, ch. 269, § 18. Our Supreme Court has held that the 2018 amendments to the legal financial obligation statutes apply to cases pending on direct review and not final when the amendments were enacted. *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018).

The 2018 amendments apply here. The State concedes that the court found Bailey indigent and there is evidence in the record to support that concession. The State also concedes that the record shows Bailey has been convicted of multiple prior felonies that would have required DNA collection.

Therefore, we remand for the trial court to strike the criminal filing fee, the warrant service fee, and the DNA collection fee.

## CONCLUSION

We affirm the conviction for criminal impersonation and remand to the trial court to strike the criminal filing fee, the warrant service fee, and the DNA collection fee.

No. 51623-3- II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Glasgow, J._
Glasgow, J.

We concur:

_Maxa, C.J._
Maxa, C.J.

_Melnick, J._
Melnick, J.